**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MNG BIO, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MODERNA, INC., MODERNATX, INC., and DOES 1-30,<br><br>Defendants.<br><br>MODERNA, INC., MODERNATX, INC.<br><br>Counterclaim-Plaintiffs,<br><br>vs.<br><br>MNG BIO, LLC,<br><br>Counterclaim-Defendant. | Civil Action No. 1:26-cv-10074-WGY<br><br>**<u>Stipulated Protective Order</u>** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 16(d)(6), Plaintiff and Counterclaim-Defendant mNG Bio, LLC ("mNG," "Plaintiff," or "Counterclaim-Defendant"), and Defendants and Counterclaim-Plaintiffs Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna," "Defendants," or "Counterclaim-Plaintiffs") (each individually a "party" and all collectively, "the Parties"), through their respective counsel of record in this action, hereby stipulate to the entry of a protective order containing the following terms and conditions. Accordingly, for good cause shown, the Parties request the Court enter this Proposed Protective Order, the terms of which shall govern the production of certain documents and information in this case by either the parties and/or any non-party.

## SCOPE OF STIPULATED PROTECTIVE ORDER

1. The Stipulated Protective Order ("Order") applies to all information, documents and things subject to discovery in this action produced by a Party or a non-party, in response to or in connection with any discovery conducted by another Party, including without limitation, deposition testimony (whether based upon oral examination or written questions), documents used as exhibits in depositions, answers to interrogatories, responses to requests for admission, documents and things produced (including documents and things produced to a Party by another Party or non-party for inspection and documents and things provided to a Party by another Party or non-party, whether in the form of originals or copies), as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, and any information or materials produced in this action pursuant to the required disclosures under any federal procedural rule or District of Massachusetts local rule or default standard, and any supplementary disclosures thereto (collectively, the "Discovery Materials").

2. The party or non-party that produces any information or materials is referred to herein as the "Producing Party" or the "Producing Parties." All Parties receiving such information are referred to herein as the "Receiving Party" or "Receiving Parties."

## DEFINING CONFIDENTIAL AND HIGHLY CONFIDENTIAL MATERIAL

3. Each Party or non-party may designate any of the Discovery Materials as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" (hereinafter, "Highly Confidential") under the terms of the Order.

4. The designation of information as "Confidential" shall be limited to information which the disclosing Party in good faith believes contains or reveals commercially sensitive, competitive, proprietary or other confidential information, which is not publicly available,

including, without limitation, non-public financial information, current and/or future business plans, or any other business information of a confidential or proprietary nature, the disclosure of which would be harmful to a party's proprietary, competitive and/or business interests, confidential or private information about the Parties or current or former customers or employees of the Parties, or other information required by law or agreement to be kept confidential. "Confidential" information further includes any information that the Party or non-party believes in good faith to be subject to the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 as "Protected Health Information." Protected Health Information includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. A Party may designate Discovery Materials as "Highly Confidential" if: (a) the Party making such designation reasonably believes that such information satisfies the criteria set forth above for designating such information as "Confidential"; and (b) the Party reasonably believes the confidentiality of such information cannot be adequately maintained so as to protect reasonable interests of the party in maintaining the confidentiality unless the disclosure of such information is limited to the persons to whom Highly Confidential information may be disclosed, pursuant to this Order. A non-exhaustive list of examples of information properly marked "Highly Confidential" under this Order include documents that consist of unreported financial data, trade secrets, strategic plans and/or other similar information that provides a competitive advantage by virtue of its secrecy. The designation of material as Confidential or Highly Confidential shall

constitute a representation that such material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

6. The restrictions and obligations set forth herein shall not apply to any information or materials that:

a. The Parties agree should not be designated as "Confidential" and/or "Highly Confidential";

b. The Parties agree, or the Court rules, is already public knowledge;

c. The Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents, in violation of this Order;

d. Has come or shall come into the Receiving Party's legitimate knowledge independently of production by the Producing Party; or

e. Has been independently developed by or for the Receiving Party without the use of, or reference to, the Producing Party's "Confidential" and/or "Highly Confidential" information or materials.

**MARKING OF CONFIDENTIAL/HIGHLY CONFIDENTIAL MATERIAL**

7. Discovery Material may be marked "Confidential" or "Highly Confidential" as follows: (a) in the case of documents, by stamping each page of the document with "Confidential" or "Highly Confidential", as applicable; (b) in the case of interrogatory answers, or responses to requests for admission, by stamping the confidential portion with the word "Confidential" or "Highly Confidential", as applicable; (c) in the case of testimony, (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony, or (ii) by written notice, sent to all Parties within thirty (30) days of the receipt of the official transcript of deposition or other pre-trial testimony – provided that the Party may as warranted designate the entire transcript as "Confidential" or "Highly Confidential" or, where applicable, only specific pages or lines of the transcript as "Confidential" or "Highly Confidential". Notwithstanding any provision herein, all deposition testimony shall be treated as containing

"Highly Confidential" material subject to this Order until a time thirty (30) days after the official transcript of such testimony is received. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court; and (d) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential", as applicable, in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential", as applicable, to the media or zip file containing the such confidential information (e.g., CD-ROM, floppy disk, DVD).

8. If a Party or non-party already has produced Discovery Materials in this litigation and such Discovery Materials have been designated and marked "Confidential" or "Highly Confidential," or were accompanied by a request that "Confidential" or "Highly Confidential" treatment be accorded them, such Discovery Materials shall be deemed to have been so designated for purposes of this Order. The Parties shall have the right to object to any such designation as set forth in Paragraph 19, herein.

9. If a Party or non-party produces Discovery Materials that have been produced in another litigation or to any government entity and such Discovery Materials have been designated and marked "Confidential" or "Highly Confidential," or were accompanied by a request that "Confidential" or "Highly Confidential" treatment be accorded them, and such request is provided in this litigation, such Discovery Materials shall be deemed to have been so designated for purposes of this Order. The Parties shall have the right to object to any such designation as set forth in Paragraph 19, herein.

10. In the event any non-party is called upon to produce information which the non-party in good faith believes to fall under the parameters of "Confidential" or "Highly Confidential"

material described in Paragraphs 4 and 5 of this Order, upon appropriate marking of the material as set forth in Paragraph 7 of this Order, then this Order, and all terms and conditions herein, will inure to the benefit of such non-party. The Parties shall have the right to object to any such designation as set forth in Paragraph 19, herein. To the extent that the information sought from a non-party contains information that is "Confidential" or "Highly Confidential" to one of the Parties to this Order, the Party seeking to protect the information also shall have the ability to designate such information as "Confidential" or "Highly Confidential."

11. Documents and things produced or made available for inspection in this action may be subject to redaction, in good faith, by the Producing Party of information that is subject to the attorney-client privilege or work-product immunity or any other protection or privilege afforded by the law. Each such redaction, regardless of size, shall be clearly labeled. This paragraph shall not be construed that failure to redact information is an admission of relevance or waives any Party's right to seek disclosure of redacted information.

12. Production of children in parent-children relations:

| [Plaintiff's proposed language] | [Defendants' proposed language] |
|---|---|
| "Document" for purposes of production includes both the parent and all children. If a parent or child is determined to be responsive, neither the parent nor any of its children may be selectively withheld on the basis of non-responsiveness. This includes without limit emails (parent) and their attachments (children). | The parties may withhold irrelevant child documents provided that information identifying the document withheld is produced as a slipsheet along with its associated metadata. The parties shall consider specific requests for production of withheld child documents in good faith. |

13. The parties shall make good faith efforts to avoid blanket confidentiality designations or over designations.

**PERMITTED DISCLOSURE OF CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL MATERIAL**

14. "Highly Confidential" material shall not be given, shown, made available to, disclosed, or communicated in any way, except to the following:

a. outside counsel of record in this action for the Parties, as well as their paralegals and support staff reasonably necessary to assist such counsel in the litigation of this action;

b. consultants and experts for the Parties and their staff, who are working under the express direction of such counsel (i.e., not existing employees of a Party or an affiliate of a Party) and retained for the purpose of this litigation, provided that (i) such consultants or experts are not presently employed by the Parties hereto for purposes other than this action; and (ii) the procedures set forth in Paragraphs 15 and 16 below have been completed before access is given;

c. the Parties' respective insurers (including any insurer's in-house counsel and any outside counsel retained by an insurer), which may be liable to satisfy all or part of a possible judgment in the instant litigation, or to indemnify or reimburse for payments made to satisfy the judgment (if applicable), provided that any such persons complete the procedures set forth in Paragraph 15 below prior to access being given; and

d. the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment, or who is specifically identified in the document or its accompanying metadata;

e. during their depositions, witnesses who testify pursuant to Federal Rule of Civil Procedure 30(b)(6), if the document or information has been designated by the Party producing the witness, unless otherwise agreed to by the Designating Party or ordered by the Court

f. the Court, its officers and clerical staff;

g. independent litigation support services, including graphics or design services, jury or trial consulting services, and photocopy, document

imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action, provided such receiving party agrees to keep the disclosed information confidential;

h. court reporters, stenographers, or videographers who record deposition or other testimony in the litigation;

i. any mediator or arbitrator (and such an individual's assistants or staff) who serves as a mediator, arbitrator, or in a related capacity in any dispute resolution proceeding among or between the Parties;

j. clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel, retained to assist a party or its counsel;

k. the author or original recipient(s) of the designated document; and

l. any other person or entity to whom the designating Party may consent in writing.

15. "Confidential" material shall only be given, shown, made available to, or communicated to the following:

a. those provided in paragraph 13; and

b. up to two (2) designated persons assisting outside counsel who are admitted to at least one state bar, have been provided a copy of this Order, and agree in writing to be bound by its terms.

16. Prior to receiving any "Confidential" or "Highly Confidential" material, each of the consultants, designated person, respective insurers, and experts for the Parties as set forth in Paragraphs 14(b), 14(c), and 15(b) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of the Confidentiality Acknowledgment at Exhibit A. The executed Confidentiality Acknowledgment shall be retained by counsel providing said "Confidential" or "Highly Confidential" material to the individuals or entities identified in this paragraph.

17. In addition, prior to disclosing any "Confidential" or "Highly Confidential" material to consultants and testifying experts for the Parties, counsel shall disclose the name of the

individual to opposing counsel, along with (i) a copy of the executed Confidentiality Agreement; (ii) a copy of his or her current curriculum vitae (which must include a list of the companies and/or individuals that the individual has provided expert or consulting services for over the prior four years); and (iii) a list of cases in which the proposed expert or consultant has given trial and/or deposition testimony in the preceding four (4) years. The counsel receiving the notice shall have five (5) business days to object to disclosure to the expert or consultant. If objection is made, then the Parties must negotiate the issue in good faith before raising the issue with the Court. If the Parties are unable to settle their dispute, then it shall be the obligation of the Party requesting disclosure to bring the matter before the Court with an explanation of the need for disclosure and a report on the efforts that Parties have made to settle their dispute. The Party objecting to disclosure may file an opposition with its arguments against disclosure.

**FILING OF CONFIDENTIAL/HIGHLY CONFIDENTIAL MATERIAL**

18. A Party that seeks to file any "Confidential," "Highly Confidential," or "Protected Health Information" material must file under seal pursuant to Local Rule 7.2. Any Party that submits any filings under seal is responsible for preparing and filing timely a redacted version of such filings. The Designating Party shall provide reasonable assistance in identifying any portions of the documents that contain Protected Material and require redaction.

**USE OF CONFIDENTIAL/HIGHLY CONFIDENTIAL MATERIAL AT TRIAL**

19. To the extent that any Party wishes to use "Confidential," "Highly Confidential," or "Protected Health Information" material at hearings or at trial, the Parties shall meet and confer in good faith to discuss ways to redact such material so that it may be offered or otherwise used by any Party.

**OBJECTIONS TO DESIGNATIONS**

20. If a Party objects to the designation of any Discovery Materials as "Confidential," or "Highly Confidential," that Party shall first state the objection by letter or e-mail to the designating Party. The producing Party shall bear the burden of establishing the reasons why a particular document or information includes sensitive, confidential business or proprietary information concerning nonpublic financial information, trade secrets or other commercially sensitive business or technical information, other confidential research, development or commercial information, confidential personnel records, attorney files, information concerning settlement discussions, demands or offers and such other confidential information or documents the disclosure of which may be harmful to the commercial interests of the designating Party or the commercial or personal privacy interests of that party's owners, officers, employees or agents. The Parties agree to confer in good faith by telephone, video conference, or in person to attempt to resolve any dispute respecting the terms or operation of this Order. If the Parties are unable to resolve such dispute within fourteen (14) days of such conference or sufficiently prior to any hearing or the trial at which the material designated as "Confidential" or "Highly Confidential" is to be used if such hearing or trial is scheduled to be held in fewer than fourteen (14) days, the designating Party may then move the Court to do so. If no protection is sought by the designating Party within fourteen (14) days or prior to any hearing or the trial at which the material designated as "Confidential" or "Highly Confidential" is to be used, then the document or testimony designated as "Confidential or "Highly Confidential" shall lose such designation.

21. Once such a motion has been made by the designating Party, until the Court rules on such dispute, the Discovery Materials shall continue to be treated as designated. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Materials so designated, subject to the provisions of the Order, or order any other

appropriate protection for the Discovery Materials. In connection with any motion concerning the propriety of a "Confidential" or "Highly Confidential" designation, the designating Party or non-party shall bear the burden of proof as to the propriety of such "Confidential" or "Highly Confidential" designation.

22. Except as set forth above, the failure by a Party to challenge a designation of Discovery Materials as "Confidential" or "Highly Confidential" during discovery shall not be a waiver of its right to object to the designation of such material at a later date. Nor shall the procedure for down-designating set forth herein be a prerequisite for or preclude a party from opposing a motion to seal for failure to meet the relevant standard for sealing.

**INADVERTENT DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCOVERY MATERIAL**

23. Except as set forth above, the initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality and shall not preclude any Party or non-party from thereafter designating any information or documents "Confidential" or "Highly Confidential" upon written notice. Upon receipt of such supplemental notice, the Parties shall thereafter mark and treat the material so designated as Confidential or Highly Confidential Discovery Material (as applicable), and such material shall be fully subject to this Order from the date of such supplemental notice forward. If such documents or information have previously been disclosed to persons not qualified to receive them, the receiving party shall make reasonable efforts to ensure the return or destruction of all such disclosed information and documents and advise such recipients of the claims of confidentiality.

24. If "Confidential" and/or "Highly Confidential" material produced in accordance with this Order is inadvertently disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall immediately inform all Counsel. Without

prejudice to other rights and remedies available to the Producing Party, the responsible Party shall make every reasonable effort to:

a. Obtain the return of the disclosed "Confidential" and/or "Highly Confidential" material;

b. Request that such person execute the Confidentiality Acknowledgment at Exhibit A;

c. Prevent any further unauthorized disclosure of such material; and

d. Prevent any person who received such information through and/or as a result of such unauthorized disclosure from making use of such information or disclosing such information to any person not authorized to receive it.

25. All persons bound by this Order are hereby notified that if this Order is violated the person or entity that commits such violation may be subject to such sanctions as the Court deems just.

**RETENTION OF CONFIDENTIAL DISCOVERY MATERIAL**

26. Within sixty (60) days of the conclusion of this action, including all appeals as to all Parties, all "Confidential" and "Highly Confidential" material, including all copies, abstracts, compilations, summaries, or notes thereof, shall be destroyed or returned to the Producing Party or non-party. Whether the material is returned or destroyed, the Receiving Party must submit a written certification to outside counsel for the Producing Party by the sixty (60) day deadline that affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries, notes, or any other format reproducing or capturing any of the material. Notwithstanding this provision, counsel may retain one (1) archival copy of their work product and all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, expert work product, work product of professional vendors, and work product of jury consultants to the extent that such documents do not contain any parties' Protected

Health Information.[1] Any such archival copies that contain or constitute "Confidential" and/or "Highly Confidential" material remain subject to this Order. Notwithstanding anything in this paragraph, to the extent the information in the "Confidential" or "Highly Confidential" material remains confidential, the Parties agree to be bound by the terms of the Order.

27. This Order shall survive the termination of this action, and the Court shall have continuing jurisdiction for enforcement of its provisions following termination in this action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel for each designating Party or by an order of this Court for good cause shown.

**GENERAL**

28. Transmission by e-mail is acceptable for all notification purposes herein.

29. Nothing herein shall (a) impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action; or (b) limit the use or disclosure in any other action or proceeding by a Party of documents, materials or information, including "Confidential" or "Highly Confidential" material lawfully obtained by a Party independent of the discovery proceedings in this action. This Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Order, currently has lawful access to, or possession of, "Confidential" or "Highly Confidential" material.

30. Nothing herein shall limit a Party's use or disclosure of its own "Confidential" or "Highly Confidential" material. Such use or disclosure will not waive the protections of the Order

[1] No Party nor outside counsel firm shall retain any other Parties' documents containing Protected Health Information.

and will not entitle the other Party or its attorneys to use or disclose such material in violation of the Order, except that if the Producing Party uses or discloses such material in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation and said objections will be resolved as set forth in Paragraph 19.

31. Nothing herein shall bar or otherwise restrict outside counsel or designated person from rendering advice or providing input to their respective litigant with respect to this action and, in the course thereof, relying in a general way upon his or her examination of "Confidential" and/or "Highly Confidential" materials produced or exchanged in this action provided, however, that in rendering such advice or input and in otherwise communicating with a person not permitted to access "Confidential" and/or "Highly Confidential" materials under this Order, the outside counsel or designated person shall not disclose the contents of the "Confidential" or "Highly Confidential" material produced by any other Party or non-party. For the avoidance of doubt, such disclosure may include general summaries of the nature, import or impact of such materials on the case including, by way of example, case progress, case strategy, or case resolution.

32. All Discovery Materials designated as "Confidential" or "Highly Confidential" under the Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "Confidential" or "Highly Confidential" shall be used by the non-producing Parties only for the purposes of the prosecution or defense of this action, appellate proceedings, or attempted settlement of this dispute, and for no other purpose whatsoever, absent written agreement by the producing Party or Court order. Entry of this Order is without prejudice to any Party seeking to rescind, modify, alter, or amend this Order with respect to specific documents or information. The Party seeking such relief shall first

attempt in good faith to resolve the matter informally. If the matter cannot be resolved, the Party seeking relief may then apply for a suitable order from the Court.

33. If any third party serves a subpoena or other process or request seeking to review any information designated as "Confidential" or "Highly Confidential", the Party to whom the demand is made shall inform the producing Party's counsel immediately in writing, via email, and shall not permit inspection by or production to any third party until seven (7) business days after such notice is given so that the notified counsel can take steps to enforce the Order if deemed necessary.

34. Nothing in the Order, nor the production of any information or document under the terms of the Order, nor any proceedings pursuant to the Order, shall be deemed to have the effect of an admission or waiver by any Party or non-party, or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation (or absence thereof) of any Party or non-party. The Parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of the Order by application on notice on any grounds.

35. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client

privilege, work product doctrine, or other privilege, doctrine, or immunity, may obtain the return of such documents, information or other material by promptly, after the discovery that such material was inadvertently or unintentionally produced, notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. Disputes as to the applicability of the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, to the inadvertently or unintentionally produced material may be resolved by agreement of the Parties or in accordance with Fed. R. Civ. P. 26(b)(5).

36. A Receiving Party shall not load, import, submit, or otherwise transfer "Confidential" and/or "Highly Confidential" material produced by the Producing Party to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("AI") platform, nor may the Receiving Party utilize any LLM or AI platforms where the Producing Party's Protected Material may be used to train models or otherwise be made accessible to other users of the LLM or AI platform not authorized to receive Protected Material under this Order. Before the Receiving Party transfers any of the Producing Party's Protected Material to a closed LLM or AI platform, the Receiving Party shall make reasonably sure that it can delete all such Protected Material from the platform at the conclusion of this Litigation, as set forth in Paragraph 25 of this Order. The Receiving Party will be responsible for destroying such Protected Material from any LLM or AI platforms it used at the conclusion of this Litigation, as set forth in Paragraph 25 of this Order.

37. The terms of the Order shall be effective and binding upon execution by counsel for the Parties and shall remain so pending entry by the Court of the Order or some version hereof.

38. Any Party may move to modify the provisions of the Order at any time, or the Parties may agree by written stipulation, subject to further order of the Court, to modify the provisions of the Order.

**IT IS SO STIPULATED.**

Dated: June 11, 2026

*/s/ Ben L. Wagner*
L. Andrew Tseng
Mass. Bar No. 689192
TROUTMAN PEPPER LOCKE LLP
19th Floor, High Street Tower
125 High Street
Boston, MA 02110-2736
Tel: (617) 204-5100
Email: andrew.tseng@troutman.com

Ben L. Wagner
*Lead Counsel
Cal. Bar No. 243594 (pro hac vice)
TROUTMAN PEPPER LOCKE LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
858.509.6010
ben.wagner@troutman.com

*Attorneys for Plaintiff mNG Bio LLC*

Dated: June 11, 2026

/s/ Robert Frederickson III
Elaine Herrmann Blais (BBO# 656142)
Daryl L. Wiesen (BBO# 634872)
Robert Frederickson III (BBO# 670111)
Tara Thigpen (BBO# 707508)
Riley Wyberg (BBO# 715895)
Allegra Padula (BBO# 715574)
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
eblais@goodwinlaw.com
dwiesen@goodwinlaw.com
rfrederickson@goodwinlaw.com
tthigpen@goodwinlaw.com
rwyberg@goodwinlaw.com
apadula@goodwinlaw.com

Gabriel B. Ferrante (*pro hac vice*)
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
gferrante@goodwinlaw.com

*Attorneys for Defendants Moderna, Inc. and ModernaTX, Inc.*

**It is so ORDERED** modified **and Entered this** 15th **day of** June**, 2026.**

William G. Young
Honorable William G. Young

All the disputed language appearing at page 6 par. 12 is included unless privileged, all relevant data is to be produced while irrelevant data need not. Nothing shall be filed in Court pursuant to the terms of this order and it shall not be referred to as a ground of sealing.

William G. Young
District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2026, STIPULATED PROTECTIVE ORDER was served by electronic mail on counsel of record using the email addresses registered on the CM/ECF system.

/s/ *Ben L. Wagner*
Ben L. Wagner